IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAZIR KHAN, IFTIKHAR KHAN<br><br>Plaintiffs,<br><br>v.<br><br>MERIT MEDICAL SYSTEMS, INC.,<br><br>Defendant. | Case No. 2:21-cv-00337-CMR<br><br>Magistrate Judge Cecilia M. Romero |

**PLAINTIFFS' MOTION TO DENY MERIT'S MOTIONS FOR SANCTIONS UNDER RULE 11**

Plaintiff makes a motion to sanction Merit Medical and defendant attorney Brent P. Lorimer in violation Rule 11 (c)(1) and Rule 11 (c)(2) and on factual basis that doctrine of equivalency under Festo does not apply to the cuff connector of the claimed device.

**It was on august 16th Brent Lorimer sent to the plaintiff an email stating that plaintiff's allegations that HeRO Graft infringes patent '344 are frivolous in violation of Rule 11 of Federal Rules of Civil Procedure, 28 U.S.C. §1927 and under 35 USC §285. The defendant attorney also alleged that if the plaintiff does not withdraw the amended complaint within 21 days, Merit will ask the court to impose sanctions in the amount of attorney fees, costs that Merit has inquired in defending the actions. Merit also stated "this is not idle threat." (See Exhibit A)**

Plaintiffs responded on 08/19/2021:

Merit Medical and the defendant attorney's conduct violated Rule 11(b), (b)(1), (b)(2), (b)(3) under Rule 11(c)(1) and they should withdraw the responsive pleading and counterclaims in 21 days as provided in Safe Harbor provision under Rule 11(c)(2) from the date they receive the letter (See Exhibit B sent 08/18/2021).

Plaintiffs received an email from Brent Lorimer, attorney for the defendant Merit Medical, that he has moved to the court from sanctions against the plaintiff under Rule 11. The grounds of the allegations are:

1. The cuff connector of the plaintiffs' invention connecting the graft and venous outflow catheter is subjected to estoppel under doctrine of equivalency, and in HeRO graft the metallic connector is indisposed inside the graft and venous outflow catheter. This is the only ground that the defendant attorney makes that claim 13 of patent '344 does not infringe HeRO Graft under 35 USC § 112 para 6 means-plus-function limitation, equivalence and insubstantial difference test.

Defendant attorney is acting in violation of patent statutes, rules and regulations.

Plaintiff (See Dkt 15 p.6) put forth statute under 35 USC § 112 para 6 "an element in a claim for a combination may be expressed as a..means or step for performing a special function without a recital of structure. Material or acts in support thereof, and such claim shall be constructed to cover the corresponding structure, material, or acts described in the specifications and equivalents thereof." The defendant responded that this is a legal conclusion, does not require a response (See Dkt 13 p. 15). **This clearly shows that Merit Medical does not want to admit that HeRO graft infringes claim I of the complaint under 35 USC §112 para 6.** A means-plus-function limitation recites a function to be performed, rather than definite structure material:

"A means-plus-function limitation contemplated by 35 U.S.C. § 112, ¶ 6 . . . recites a function to be performed rather than definite structure or materials for performing that function." Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc., 145 F.3d 1303, 1307 (Fed. Cir. 1998); see 35 U.S.C. § 112, ¶ 6 (2006) (explaining that "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof"). A means-plus-function limitation must recite a function and a corresponding structure. See e.g., Ibormeith. *See United States Court of Appeals for the Federal Circuit 2016-2015 TOMITA TECHNOLOGIES USA, LLC, TOMITA TECHNOLOGIES INTERNATIONAL, INC., Plaintiffs-Appellants v. NINTENDO CO., LTD., NINTENDO OF AMERICA INC., Defendants-Appellees. Decided: March 17, 2017.*

Claim 13 of patent '344 Dkt 15 p. 9 is a means for performing the function of hemodialysis, that is cleaning of the blood of toxins and purified blood goes to the body of the patient in chronic kidney failure patients. The same function is achieved by the HeRO graft, that is cleaning of the blood of toxins in chronic kidney failure patients, so the function is identical in the claimed device and accused HeRO graft. The structural differences are insubstantial. In both devices purified blood is transmitted from the graft to venous outflow catheter. The connector disposition, disposed about the graft and the venous outflow catheter in claimed invention and indisposed titanium connector, connecting the graft and venous outflow catheter. The change is insubstantial. The identical function is performed in the same way in claimed invention and accused device with identical result of purifying the blood that goes into the body of the patient in kidney failure patients. (See Odetics Inc. v. Storage Tech. Corp., 185 F. 3d 1259, 1267 51 USPQ2d 1229 (Fed. Cir. 1999)). All the evidences make it clear that HeRO Graft infringes claim 13 of patent 344 under literal infringement 35 USC 112 para 6. Plaintiff (See Dkt 15 p. 6) stated "Because the function is identical in both the accused

HeRO Graft and the claimed invention, the structural differences are insubstantial with respect to the connector, therefore claim 13 of patent 344 is being infringed upon the HeRO Graft under 35 U.S.C. section 112, paragraph 6—means plus function limitation." Defendant Merit Medical (See Dkt 13 p. 16) characterized this as paragraph 17 and denied the allegations from paragraph 17.

## DOCTRINE OF EQUIVALENCY

**Merit Medical's claim that Doctrine of Equivalency estoppel the claimed cuff connector, Merit is wrong.**

Plaintiffs are claiming remedy under literal infringement claim I under claim 13 of patent '344 under 35 USC section 112 para 6. The doctrine of equivalency estoppel does not apply. The restrictions placed on the doctrine of equivalence by Festo will not apply. Plaintiff amended claim 13 by making the cuff connector disposed about the graft and venous outflow catheter. For the purpose of patentability, the claim element will nevertheless be entitled to its equivalents under 35 USC section 112 para 6. The cuff connector of claimed invention is disposed about the graft and the venous outflow catheter is equivalent to accused titanium connector disposed in-between the graft and venous outflow catheter.

Doctrine of equivalency has three prongs: the function has to be substantially equivalent, to be performed substantially in the same way and produce a substantially same result. (F.W.R.). Under first prong, the function is identical. § 112 ¶ 6 equivalence is determined by applying the truncated "way-result" test, since the functional identity is a prerequisite in the determination of literal infringement analysis of a means-plus-function claim. The way is substantially the same and the result is substantially the same. The test is truncated as function way. This tripartite test of doctrine of equivalents is not wholly transferable to the § 112, ¶ 6 statutory equivalence context due to the functional identity requirement. See Odetics, 185 F.3d at 1267, 51 USPQ2d at 1229-30.

4

(See Dkt 15 p. 11). Merit Medical brings doctrine of equivalent estoppel of titanium connector, which is irrelevant, because the function of both connectors is identical and the structural differences are insubstantial. Because § 112 ¶ 6 equivalents analysis is performed under the mantle of literal infringement, the restrictions placed on the doctrine of equivalents by Festo will not apply. Thus, even if the applicant amends a means-plus-function claim element for the purpose of patentability, that claim element will nevertheless be entitled to its "equivalents" under § 112, ¶ 6.

In view of the foregoing, honorable court should deny Merit's motion for sanctions under Rule 11.

**Honorable court should sanction Merit Medical and defendant attorney in violation of Rule 11 (c)(1), Rule 11 (c)(2).**

Plaintiff submitted a motion dated 08/18/2021 to Merit Medical to withdraw the responsive pleading and counterclaim with prejudice within 21 days, as provided under Safe Harbor period (See Exhibit C). The merit Medical and the Defendant attorney Brent Lorimer rushed to the court on and filed a motion for sanctions against the plaintiffs under Rule 11 on August 16th 2021 (See Exhibit B).

Merit Medical violated Safe Harbor period of 21 days under Rule 11 (c)(2) and violated Rule 11(c)(1). Their conduct violated Rule 11(b). (b)(1), (b)(2), (b)(3).

Defendant attorney and Merit Medical violated Rule 11(b) when they certified their pleading after inquiry. Merit Medical has no patent, no claims, they have no evidentiary support under rule 11(b)(3) to support their allegations that HeRO graft is not unpatented. Merit Medical (Dkt 13 p. 26) denied that HeRO Graft is unpatented, but did not produce any evidentiary support for it. This fact remains undisputed that HeRO graft is an unpatented device with no claims. Merit's allegations are frivolous, meritless under Rule 11 (b)(2). The defendant Merit Medical and the defendant attorney Brent Lorimer brought Rule 11 sanctions for improper purpose, to harass the plaintiffs under rule 11 (b)(1).

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." See Fed. R. Civ. P. Rule 11(b). An improper purpose may be inferred from the filing of frivolous papers. See In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990). The standard is an objective one; whether a reasonable party would have acted in a particular way. See Chambers v. NASCO Inc., 501 U.S. 32, 47 (1991). "The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction." Sussman v. Salem, Saxon and Nielsen, P.A., 150 F.R.D. 209, 213 (M.D. Fla. 1993). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001); see also, Sussman, 150 F.R.D at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management").

In view of the foregoing, the plaintiff prays that court should sanction Merit Medical and Brent Lorimer for violation of Rule 11 (c)(1) and Rule 11 (c)(2).

Sincerely yours,

/s/ Nazir Khan

/s/ Iftikhar Khan

150 Glenmora Drive

Burr Ridge, IL 60527

C: 312-590-0589

P: 312-329-1100/

E-mail: nazirkhanmd2003@yahoo.com

Dated 08/20/2021