BRENT P. LORIMER (USB No. 3371)
blorimer@wnlaw.com
THOMAS R. VUKSINICK (USB No. 3341)
tvuksinick@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Defendant Merit Medical Systems, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAZIR KHAN and IFTIKHAR KHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>MERIT MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:21-cv-00337-HCN-CMR<br><br>**MERIT'S OPPOSTION TO PLAINTIFFS' "MOTION TO DENY MERIT'S MOTIONS FOR SANCTIONS UNDER RULE 11"**<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

On August 20, 2021, Plaintiffs filed ECF No. 20, entitled "Plaintiffs' Motion to Deny Merit's Motions for Sanctions Under Rule 11." Plaintiffs' "Motion" should be stricken and at a minimum should be denied for the reasons set forth hereinafter.

**I.   PLAINTIFFS' OPPOSITION TO MERIT'S RULE 11 MOTION IS PREMATURE BECAUSE MERIT'S MOTION HAS NOT BEEN FILED.**

Plaintiffs' "Motion" asks the Court to deny Merit's Motion for Rule 11 sanctions. In compliance with the requirements of Rule 11, Merit has served, but not filed, its motion for

1

imposition of Rule 11 sanctions on Plaintiffs. Because Merit has not filed its Rule 11 Motion, Plaintiffs' opposition to Merit's motion for sanctions is premature. Under the terms of Rule 11, Merit is required to serve its Rule 11 motion *at least* 21 days before filing. Before filing its motion for sanctions, Merit will wait at least the 21 days required by the rule and until the outcome of a motion for summary judgment it will ask leave to file in the near term. In the meantime, Plaintiffs' "motion" to deny Merit's Rule 11 motion is null and void, and no substantive response is required. Merit requests that the Court dispose of the Plaintiffs' motion by denying it.

**II.     PLAINTIFFS' RULE 11 MOTION DOES NOT COMPLY WITH THE TIMING OR CONTENT REQUIREMENTS OF RULE 11 AND SHOULD BE DENIED**

Plaintiffs assert that they served their motion seeking sanctions against Merit under Rule 11 on August 18, 2021. In support of this assertion, Plaintiffs refer to Exhibit C to their motion, which is a letter addressed to Merit's counsel notifying him that Plaintiffs *will* file a motion seeking sanctions against him under Rule 11. The first problem with Exhibit C is that it is not a motion for sanctions and does not satisfy the requirements of Rule 11(b) requiring identification of the specific conduct that allegedly violates the Rule. Exhibit C to Plaintiffs' motion therefore does not start the running of the 21-day safe harbor period provided by Rule 11(c).

Regardless of whether Exhibit C started the running of the 21-day safe harbor period, Exhibit C was served a maximum of two days prior to the filing of Plaintiffs' Rule 11 motion. Rule 11 requires that the motion be served at least 21 days before it is filed. Because Plaintiffs' motion for sanctions under Rule 11 was not served on Merit at least 21 days before filing, it is improper and should be denied without further argument. Accordingly, Merit requests that Court deny the motion and enter an order (a) declaring that Exhibit C lacks the specificity to start the

2

running of the 21-day safe harbor period and (b) that the Court's electronic service of Plaintiffs' motion for Rule 11 sanctions [ECF No. 20] does *not* qualify as service for purposes of starting the running of the 21-day waiting period.

### III.     PLAINTIFFS' RULE 11 MOTION VIOLATES THE LOCAL RULES

Plaintiffs include their own motion for Rule 11 sanctions in their opposition to Merit's (non-filed) motion for sanctions.  By doing so, Plaintiffs have violated Local Rule 7-1(a)(4), which requires that a party seeking relief similar to relief sought by another party must file its own separate motion seeking that relief.  To avoid abrogation of Local Rule 7-1(a)(4), the Court should strike Plaintiffs' motion for failure to comply with the requirements of the Local Rule.

### IV.     MERIT SHOULD BE AWARDED ITS FEES

This is not the first time Plaintiffs have moved for the imposition of Rule 11 sanctions against Merit and its counsel. In related litigation between the parties then pending in Illinois,[1] Merit sought the imposition of sanctions on Plaintiffs for repeated litigation misconduct. Chicago Litigation, ECF No. 113. Plaintiffs responded by filing their own motion under Rule 11 seeking sanctions against Merit's counsel. *Id.,* ECF No. 155. The Court granted Merit's motion for sanctions, imposing sanctions of nearly $100,000 and denied Plaintiffs' motion, finding Plaintiffs' motion was without merit. Id., ECF 135, p. 12-13. Ultimately, Merit expects the same result here.

Merit also requests that it be awarded its reasonable expenses, including attorney's fees, incurred in responding to Plaintiffs' Rule 11 motion pursuant to Rule 11(c)(2). Rule 11(c)(2) states that the court may award the prevailing party its fees incurred in defending against a Rule

---

[1] *Khan v. Merit Medical Systems, Inc.,* Civil Action No. 1:18-cv-05368 (N.D. IL) ("the Chicago Litigation").

11 motion. The award of attorney's fees is warranted under Rule 11(c)(2) because Plaintiffs' failure to comply with the 21-day waiting period before filing its motion was both knowing and inexcusable.

Plaintiffs accuse Merit of filing its motion for Rule 11 sanctions in violation of the 21-day waiting period and seek sanctions against Merit for having done so.  As explained above, Plaintiffs are wrong about Merit having filed its motion for sanctions in violation of the 21-day waiting period, but they are correct in their assertion that violation of the waiting period requirement is sanctionable conduct.  Plaintiffs' motion on its face demonstrates that despite being aware of the waiting period requirement and risk of being sanctioned for failure to comply, they violated the requirement. Finally, Plaintiffs' Rule 11 motion cites to Rule 11(c)(2), (which contains the 21-day waiting period requirement) four times in their motion, and expressly refer to the 21-day waiting period requirement three times. Plaintiffs' knowing, inexcusable, and apparent willful failure to comply with the 21-day waiting period required by Rule 11(c)(2) warrants awarding Merit the attorney's fees incurred by it in responding to Plaintiffs' motion.

**V.     CONCLUSION**

Because Plaintiffs' motion for Rule 11 sanctions is improper, it should be denied, and Merit should not be required to substantively respond to arguments made in the motion. Merit has no desire to unnecessarily incur attorney's fees in responding to Plaintiffs' motion and further delay resolution of this action. Suffice it to say that the arguments made by Plaintiffs are on their face insufficient to establish that Merit or its counsel have violated Rule 11.  Merit reserves the right to respond to Plaintiffs' arguments if and when they file a proper motion in

compliance with Rule 11.  Merit also requests that it be awarded its fees for responding to Plaintiffs' improper and wasteful motion.

DATED this 1st day of September, 2021.

                WORKMAN NYDEGGER

                By: /s/ *Brent P. Lorimer*
                     BRENT P. LORIMER
                     THOMAS R. VUKSINICK

                *Attorneys for Defendant*
                *Merit Medical Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on September 1, 2021 using the Court's CM/ECF electronic filing system and the parties were served as follows:

Nazir Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
Nazirkhanmd2003@yahoo.com

Pro Se Plaintiff

Iftikhar Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
via First Class pre-paid U.S. Mail

Pro Se Plaintiff

/Brent P. Lorimer/