BRENT P. LORIMER (USB No. 3371)
blorimer@wnlaw.com
THOMAS R. VUKSINICK (USB No. 3341)
tvuksinick@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Defendant Merit Medical Systems, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| NAZIR KHAN and IFTIKHAR KHAN, | Case No. 2:21-cv-00337-HCN-CMR |
|---|---|
| Plaintiffs, | |
| v. | MERIT'S MOTION TO STRIKE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| MERIT MEDICAL SYSTEMS, INC., | |
| Defendant. | Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

On August 19, 2021, Plaintiffs filed a document entitled "RESPONSE IN OPPOSITION

TO DEFENDANTS' RESPONSIVE PLEADING ANSWER AND COUNTERCLAIM," which

was assigned ECF No. 22.  ECF No. 22 requests summary judgment of infringement and

1

willfulness and dismissal of Merit's counterclaim because "Merit Medical has no patent and no claims." The Clerk of the Court has characterized Plaintiffs' Response as a "Motion for Summary Judgment." Plaintiffs' "Motion for Summary Judgment" does not comply with Local Rule 56, which governs the form and content of motions for summary judgment. As set forth below, Plaintiffs' Motion for Summary Judgment should be stricken because it does not comply with the FRCP or the Local Rules.

## TO THE EXTENT PLAINTIFFS' RESPONSE IS CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT IT SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH THE FRCP AND THE LOCAL CIVIL RULES

### A. Plaintiffs' Response Violates Local Civil Rules 56-1(b)(3) and (5)

Rule 56 of the FRCP allows summary judgment only in those situations where there are no genuine dispute as to any material fact and summary judgment is appropriate as a matter of law. The grant of summary judgment deprives a litigant of his or her day in court, so the standards for granting such a motion are high. The facts on which the summary judgment is based, in the case of a moving party, must be supported by "citing to particular parts of materials in the record" or, in the case of the opposing party, by a "showing that the materials cited do not establish the absence or presence of a genuine dispute" or that admissible supporting evidence cannot be produced. FRCP 56(c)(1).

Because the outcome of a motion for summary judgment depends on whether all the material facts necessary to sustain the motion are supported by evidence in the record, and if

2

supported, whether those facts are in dispute, Local Rule 56-1(b)(3) and (5) impose strict requirements regarding how the material facts are presented and supported by evidence. All motions for summary judgment "must" include, *inter alia,* a Statement of Undisputed Material Facts and an Appendix of Evidence. Local Rule 56-1(b)(3) and (5). The Statement of Undisputed Facts must include "a concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law." *Id.* And, each fact in the Statement of Undisputed Facts must be supported by "cit[ing] with particularity to evidence in the Appendix of Evidence . . . ." *Id.*

Plaintiffs' Response violates every one of the requirements of Local Rule 56-1(b)(3) and (5). It does not include a Statement of Undisputed Facts; it does not include an Appendix of Evidence in any form, let alone the required form; and it fails to identify evidentiary support for undisputed facts by citing with particularity to evidence in the appendix. Plaintiffs' failure to comply with Local Rule 56-1(b)(3) leaves both Merit and the Court in a quandary. Merit is unfairly placed in the position of being obligated to (a) identify the material facts it contends are disputed or irrelevant, (b) explain why the facts are disputed or immaterial, and (c) provide evidence refuting the facts (Local Rule 56-1(c)(3)), when, because of Plaintiffs' failure to comply with Local Rule 56-1(b)(3), it does not know what the alleged undisputed material facts are. In the context of a case dispositive motion, Merit should not, because of Plaintiffs' failure to comply with the local rules, be left to guess which allegations in their motion Plaintiffs

3

contend are facts (or are material facts) allegedly supporting their motion. Nor should the Court be required to scour Plaintiffs' motion in an attempt to determine whether all of the material facts necessary to support Plaintiffs' motion are identified or supported by admissible evidence.

Without the required Statement of Undisputed Facts, the Appendix of Evidence, and citations to particular evidence, neither the Court nor Merit can properly respond to, analyze, or rebut Plaintiffs' assertions. The Court should, therefore, strike Plaintiffs' motion for Summary Judgement (or deny the motion without prejudice) for failure to comply with Local Rule 56.

## CONCLUSION

Plaintiffs' Response and the motion for summary judgment they have included in that response are additional examples of the many ways Plaintiffs ignore the Federal Rules of Civil Procedure and the Local Civil Rules. Every time Plaintiffs file a paper not in compliance with the FRCP and the Local Civil Rules, Plaintiffs cost Merit money and time. Plaintiffs continue to pepper the Court and Merit with irrelevant and baseless arguments that no reasonable person would assert, and in the process act in clear contravention of procedural rules, statutes, and governing law. The Court should require Plaintiffs to comply with the FRCP, the Local Civil Rules and the law. Merit therefore respectfully requests that Plaintiffs' "Motion for Summary Judgment" be stricken. If Plaintiffs wish to file a motion for summary judgment, they should do so in conformity with the FRCP and the Local Rules. Merit also requests that the Court order that Merit not be required to respond to the current "Motion for Summary Judgment" until such time as Plaintiffs file a motion in compliance with the FRCP and the Local Rules.

DATED this 2nd day of September, 2021.

        WORKMAN NYDEGGER

        By: /s/ *Brent P. Lorimer*
            BRENT P. LORIMER
            THOMAS R. VUKSINICK

        *Attorneys for Defendant*
        *Merit Medical Systems, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed on September 2, 2021, using the Court's CM/ECF electronic filing system and the parties were served as follows:

Nazir Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
<u>Nazirkhanmd2003@yahoo.com</u>

Pro Se Plaintiff

Iftikhar Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
via First Class pre-paid U.S. Mail

Pro Se Plaintiff

<u>/Brent P. Lorimer/</u>