IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERIT MEDICAL SYSTEMS, INC., <br><br> Defendant. | ORDER RE: MOTIONS <br><br> Case No. 2:21-cv-00337-HCN-CMR <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court are three motions filed by *pro se* Plaintiffs Nazir Khan and Iftikhar Khan (Plaintiffs): (1) Motion for Sanctions (ECF 20); (2) Motion to Require Merit to Pay Damages (ECF 21) (Motion for Damages); and (3) Motion for Production of Documents (ECF 25) (Motion for Documents).[1] Also before the court are two motions filed by Defendant Merit Medical Systems, Inc. (Defendant): (1) Motion to Strike (ECF 28); and (2) Motion to Suspend Local Patent Rules (LPR) and Stay Discovery (ECF 31) (Motion to Stay).[2] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motions on the basis of written memoranda. *See* DUCivR 7-1(f). The court will address each motion in turn.

---

[1] Plaintiffs have also filed a Motion for Summary Judgment (ECF 22). The court will address this dispositive motion in a separate report and recommendation.

[2] Defendant filed a request for a status conference to discuss resolution of the pending motions before the court (ECF 33). Given that the court has addressed the pending motions in this Order, Defendant's request for a status conference is moot and is therefore DENIED.

## I. PLAINTIFFS' MOTIONS[3]

### A. Motion for Sanctions[4]

Plaintiffs move the court for sanctions against Defendant pursuant to Federal Rule of Civil Procedure 11 for "acting in violation of patent statutes, rules and regulations" (ECF 20 at 1–2). Defendant opposes this motion on the grounds that it was not served on Defendant at least 21 days before filing as required by Rule 11 (ECF 26 at 2).[5] Defendant requests an award of attorney's fees for opposing Plaintiffs' motion of sanctions because of their knowing violation of the 21-day waiting period in Rule 11 (*id.* at 3–4).

Rule 11 permits the court to sanction a party for misconduct including when claims or defenses are not warranted by existing law or factual contentions lack evidentiary support. *See* Fed. R. Civ. P. 11. Under Rule 11, a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Here, Plaintiffs failed to comply with the requirements of Rule 11. Plaintiffs claim that they served their motion for sanctions on Defendant on August 18, 2021 (ECF 20 at 2, Ex. C).

---

[3] In considering Plaintiffs' Motions, the court is mindful that Plaintiffs are acting *pro se* and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiffs' *pro se* status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[4] Plaintiffs' motion is styled as an opposition to Defendant's motion for sanctions (ECF 20 at 1). Defendant argues that Plaintiffs' opposition to Defendant's motion for sanctions is premature because the motion has not yet been filed with the court (ECF 26 at 2). The court agrees and therefore denies Plaintiffs' request to deny Defendant's motion for sanctions as premature.

[5] Defendant also correctly notes that Plaintiffs' motion for sanctions violates Local Rule 7-1 by including this motion in their opposition to Defendant's motion for sanctions (*id.* at 3). *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document.").

Defendant disputes that the document served could be considered a motion for sanctions (ECF 26 at 2), but even assuming that Defendant was served on that date, Plaintiffs filed their motion for sanctions with the court only two days later on August 20, 2021 (ECF 20). Because Plaintiffs therefore violated the 21-day waiting period in Rule 11, the court **DENIES** their Motion for Sanctions (ECF 20). Considering Plaintiffs' *pro se* status, the court does not find that monetary sanctions are warranted at this early stage in the case and therefore **DENIES** Defendant's request for attorney fees as the prevailing party. However, the court again reminds Plaintiffs that further violations of the rules will not be tolerated and will be met with appropriate sanctions.

### B. Motion for Damages

Plaintiffs ask the court to order Defendant to pay $500,000 in damages if Plaintiffs prevail in this action from each of the 110 physicians that Defendant agreed to indemnify in infringement litigation in Chicago (ECF 21 at 1). Defendant opposes this request on numerous grounds including that Plaintiffs have no right to claim damages based on Defendant's indemnification of its customers against Plaintiffs' infringement claims, Plaintiffs are improperly seeking to recover damages twice from the same alleged infringement, and Plaintiffs cannot recover damages from the 110 physicians Plaintiffs' infringement claims against them were dismissed with prejudice (ECF 27 at 2–3). For the reasons stated in Defendant's opposition, and because Plaintiffs have provided no rule or authority that would allow the court to award damages prior to the entry of judgment in this case, the court **DENIES** Plaintiff's Motion for Damages (ECF 21).

### C. Motion for Documents

Plaintiffs move for production of documents under Federal Rule of Civil Procedure 34 (ECF 25 at 1). Construed liberally, Plaintiffs' Motion appears to be a request for an order

compelling Defendant to produce four categories of documents within three weeks. Defendant opposes this request on the grounds that Rule 34 does not provide for a motion to compel documents (ECF 32 at 2). The court agrees. The proper vehicle for requesting production of documents from a party is through written discovery requests, which must be served on the other party and "must describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34.[6] Further, Plaintiffs' request for documents is premature because this case has not yet reached the discovery stage of the litigation. For these reasons, the court **DENIES** Plaintiffs' Motion for Documents.

## II. DEFENDANT'S MOTIONS

### A. Motion to Strike

Defendant moves the court to strike Plaintiffs' Motion for Summary Judgment (ECF 22) on the grounds that it fails to comply with Federal Rule of Civil Procedure 56 and Local Rule 56-1 (ECF 28 at 3). Plaintiff failed to file a timely opposition to the Motion to Strike. *See* DUCivR 7-1(b)(3)(B) (requiring a response within 14 days after service of a motion). However, eleven days after the deadline, Plaintiffs filed a response arguing that they did comply with the applicable rules by attaching an appendix of evidence to their motion (ECF 35 at 2). In light of Plaintiffs' *pro se* status, the court will nonetheless consider their late-filed response. However, the court reminds Plaintiffs that their *pro se* status does not absolve them of the obligation to abide by the rules of the court and future late filings will not be considered.

Rule 12(f) of the Federal Rules of Civil Procedure provides that on motion made by a party, the court may "strike from a *pleading* an insufficient defense or any redundant,

---

[6] Local Rule 26-1 prohibits the filing of discovery requests on the docket except as exhibits to motions or memoranda. *See* DUCivR 26-1(b)(1).

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2) (emphasis added). "By its express language, Rule 12(f)(2) applies only to material contained in *pleadings*—not to *motions*" and "can only be used to strike portions of pleadings." *Gardner v. Long*, No. 2:18-CV-00509, 2020 WL 1325338, at *6 (D. Utah Mar. 20, 2020). Because Defendant asks the court to strike a motion filed by Plaintiffs rather than a portion of a pleading, the Motion to Strike is procedurally improper. Defendant also fails to identify any redundant, immaterial, impertinent, or scandalous matter in Plaintiffs' Motion for Summary Judgment. The court therefore **DENIES** Defendant's Motion to Strike (ECF 28).

### B.   Motion to Stay

Defendant requests that the court suspend the Local Patent Rules and stay discovery to allow it to file a motion for summary judgment (ECF 31 at 5). Defendant argues that Plaintiffs' lack of familiarity with procedural rules justifies suspending the LPR and staying discovery pending resolution of Defendant's early motion for summary judgment in order to avoid unnecessary time and expense in this case. Plaintiffs failed to file a response to the Motion to Stay, and the time for doing so has expired. *See* DUCivR 7-1(b)(3)(B).

Local Patent Rule 1.1 allows the court to "modify the obligations and deadlines of the LPR based on the circumstances of any particular case when it will advance the just, speedy, and inexpensive determination of the action." Further, "[w]hen deciding whether to exercise its inherent power to stay, the court considers: (1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not cause undue hardship or prejudice against the plaintiff." *Dutcher v. Bold Films LP*, No. 2:15-CV-00110-DB-PMW, 2018 WL 5849471, at *1 (D. Utah Nov. 8, 2018).

Here, the court finds that the applicable factors weigh in favor of suspending the LPR and staying discovery in this case. The stay would promote judicial economy by allowing the court the opportunity resolve dispositive motions before the parties undergo the expense of engaging in discovery. The court finds that the stay would not cause undue hardship or prejudice against Plaintiffs given that they have filed their own Motion for Summary Judgment (ECF 22) that is currently pending. For these reasons, the court **GRANTS** Defendant's Motion to Stay (ECF 31) and hereby suspends the LPR and stays discovery pending resolution of the parties' motions for summary judgment.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Sanctions (ECF 20) is DENIED;
2. Plaintiff's Motion for Damages (ECF 21) is DENIED;
3. Plaintiff's Motion for Documents (ECF 25) is DENIED;
4. Defendant's Motion to Strike (ECF 28) is DENIED;
5. Defendant's Motion to Stay (ECF 31) is GRANTED; and
6. Defendant shall file its motion for summary judgment within seven (7) days of the date of this Order.

IT IS SO ORDERED.

DATED this 25 October 2021.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah