IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERIT MEDICAL SYSTEMS, INC., <br><br> Defendant. | REPORT AND RECOMMENDATION RE: PLAINTIFFS' [22] MOTION FOR SUMMARY JUDGMENT <br> and ORDER DENYING DEFENDANT'S [39] MOTION FOR CLARIFICATION <br><br> Case No. 2:21-cv-00337-HCN-CMR <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court is *pro se* Plaintiffs Nazir Khan and Iftikhar Kahan's (Plaintiffs) motion entitled "Response in Opposition to Defendants' Responsive Pleading Answer and Counterclaim" requesting relief under Federal Rules of Civil Procedure 12(b)(6), 12(c), and 56 (Plaintiffs' Motion) (ECF 22).[1]  Also before the court is Defendant Merit Medical Systems, Inc.'s (Defendant) Motion for Clarification (Defendant's Motion) (ECF 39).  Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda.  *See* DUCivR 7-1(f).  For the reasons set forth below, the undersigned RECOMMENDS that Plaintiffs' Motion for Summary Judgment (ECF 22) be DENIED and ORDERS that Defendant's Motion for Clarification (ECF 39) be DENIED.

---

[1] Because Plaintiffs include matters outside the pleadings in their exhibits to the Motion, the court will consider the Motion as a request for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

## I.     BACKGROUND

Plaintiffs initiated this patent infringement action against Defendant Merit Medical Systems, Inc. (Defendant) on June 1, 2021 (ECF 2). Plaintiffs thereafter filed an Amended Complaint (ECF 15) with leave of court (ECF 14). Plaintiffs then filed a series of motions that were denied by the court in a prior Order dated October 25, 2021 (ECF 38). Plaintiffs also filed the instant Motion requesting summary judgment on their claims for patent infringement (ECF 22). Defendant opposed Plaintiffs' Motion on procedural grounds in a Motion to Strike (ECF 28), which the court denied in its Order for failure to comply with Rule 12(f). Plaintiffs filed a response to Defendant's Motion to Strike claiming to have complied with the applicable rules of procedure (ECF 35). Defendant also filed a Motion for Clarification regarding the Order asking the court to address its request to deny Plaintiffs' Motion on procedural grounds or alternatively to grant Defendant an opportunity to submit a substantive response (ECF 39). The court has considered the parties' arguments relating to the procedural deficiencies in Plaintiffs' Motion and will address them below.

## II.     LEGAL STANDARDS

Because Plaintiffs are proceeding *pro se*, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P 56(a).  "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party."  *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)).  Even if a motion for summary judgment has not been opposed, "the court may not grant summary judgment . . . *unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law."  *See Cooper v. Monetary Inc.*, 2:12cv506 DAK, 2014 WL 1350274, at *1 (D. Utah Mar. 28, 2014) (citing *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

### III. DISCUSSION

Plaintiffs' Amended Complaint asserts four causes of action relating to claim 13 of U.S. Patent No. 8,747,344 (the '344 Patent): (1) Literal infringement under 35 U.S.C. § 112; (2) Direct infringement under 35 U.S.C. § 271(a); (3) Induced infringement under 35 U.S.C. § 271(b); and (4) Intentional copying and willful infringement (ECF 15 at 8–15).  Plaintiffs ask the court to "issue a summary judgment in favor of the plaintiff, because the defendant has not shown that there is any genuine dispute as to any material fact" with respect to all four causes of action and argues that Plaintiffs are therefore "entitled to summary judgment as a matter of law" (ECF 22 at 7).  Defendant argues that Plaintiffs' Motion violates the requirements of Local Rule 56-1 by failing to include a statement of undisputed facts or appendix of evidence and by failing "to identify evidentiary support for undisputed facts by citing with particularity to evidence in the appendix" (ECF 28 at 3).  Plaintiffs respond that their Motion does comply with Local Rule 56-1 and identifies pages 7 through 16 of their Motion as an appendix of evidence (ECF 35 at 2).

Federal Rule of Civil Procedure 56 provides stringent requirements for supporting factual assertions:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Similarly, Local Civil Rule 56-1 provides that a motion for summary judgment must "be supported by an Appendix of Evidence," contain "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law," and "cite with particularity the evidence in the Appendix that supports each factual assertion." DUCivR 56-1(b).

The court agrees with Defendant that Plaintiffs' Motion fails to comply with Rule 56 and Local Rule 56-1. Though Plaintiffs claim to have included an appendix of evidence with their Motion, the cited pages do not contain any record evidence or the materials contemplated by Rule 56, but rather consist of legal argument appearing under a heading entitled "Argument" (ECF 22 at 7–15). Further, the Motion does not include a concise statement of undisputed facts or citations to particular evidence, and instead states purported undisputed facts interspersed with conclusory legal argument throughout the Motion. Due to Plaintiffs' failure to comply with the procedural requirements set forth in Local Rule 56-1, the court declines to sift through Plaintiffs' Motion and exhibits to discern whether there are disputes of material fact. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 n.6 (10th Cir. 2000) (declining to "search the record in an effort to determine whether there exists dormant evidence which might require submission

of the case to a jury" (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992))).

Accordingly, the undersigned hereby RECOMMENDS that the court DENY Plaintiffs' Motion for Summary Judgment (ECF 22) without prejudice. Given the court's recommendation that Plaintiffs' Motion be denied on procedural grounds, the court hereby ORDERS that Defendant's Motion for Clarification (ECF 39) be DENIED as MOOT.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Summary Judgment (ECF 22) be DENIED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16 December 2021.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah