IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KHAN, et al.,<br><br>                  Plaintiffs,<br><br>v.<br><br>MERIT MEDICAL SYSTEMS, INC.,<br><br>                  Defendant. | REPORT AND RECOMMENDATION RE: ECF 83 AND 84<br><br>Case No. 2:21-cv-00337-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court are two motions filed by Defendant Merit Medical Systems, Inc. (Defendant): (1) Motion for Judgment on its Counterclaim for Declaratory Judgment of Non-Infringement (Motion for Judgment) (ECF 83); and (2) Motion to Dismiss its Counterclaims for Declaratory Judgment of Invalidity and Tortious Interference with Economic Relations without Prejudice (Motion to Dismiss) (ECF 84) (collectively, Motions). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT Defendant's Motions.

## I.     BACKGROUND

Plaintiffs Nazir Khan and Iftikhar Khan (Plaintiffs) initiated this patent infringement action on June 1, 2021 (ECF 2). Defendant filed an Answer (ECF 13) with the following counterclaims: (1) Declaratory Judgment of Non-Infringement; (2) Declaratory Judgment of Invalidity; and (3) Interference with Economic Relations. On July 28, 2021, Plaintiff filed an Amended Complaint (ECF 15) with leave of court (ECF 14). Defendant then filed its Answer to Amended Complaint (ECF 17) asserting the same counterclaims.

On November 1, 2021, Defendant filed a Motion for Summary Judgment (ECF 40) on all of Plaintiffs' claims as set forth in the Amended Complaint. On August 17, 2022, the undersigned issued a Report and Recommendation (ECF 67) that the court grant summary judgment to Defendant on Plaintiff's claims but noted that Defendant had not addressed its counterclaims. The court entered an Order (ECF 72) adopting this recommendation in its entirety. On September 27, 2022, the court entered Judgment (ECF 74) in Defendant's favor and closed this case. Plaintiffs appealed this ruling to the Federal Circuit (ECF 91).

On October 11, 2022, Defendant filed the instant Motion for Judgment (ECF 83) and Motion to Dismiss (ECF 84). On October 14, 2022, the court entered a docket text order (ECF 87) noting that its Judgment was premature given Defendant's pending counterclaims and directing the reopening of this case. On December 29, 2022, the Federal Circuit entered an order (ECF 104) dismissing Plaintiffs' appeal for lack of jurisdiction because the court's Judgment (ECF 74) was not a final judgment due to Defendant's pending counterclaims. On January 3, 2023, the court entered a docket text order (ECF 105) striking its Judgment in light of the Federal Circuit's ruling. The next day, Defendant submitted its Motions for decision (ECF 107). On January 13, 2023, months after the Motions were filed, Plaintiffs filed a Response (ECF 109), and Defendant thereafter filed a Reply (ECF 110).[1]

## II.   DISCUSSION

### A.   Motion for Judgment

Defendant asks the court to enter judgment in its favor and against Plaintiffs on one of its three counterclaims, specifically its counterclaim for declaratory judgment of noninfringement

---

[1] Without leave of court to file a sur-reply, Plaintiffs filed a Notice (ECF 111) reasserting their arguments, which the court declines to consider as procedurally improper. DUCivR 7-1(a)(8) ("Unless otherwise ordered, the court will not consider additional memoranda.").

(ECF 83 at 2). In support of this request, Defendant relies solely on the reasoning in the undersigned's Report and Recommendation (ECF 67) and the court's subsequent Order (ECF 72) and Judgment (ECF 74). In these rulings, the court granted summary judgment to Defendant on Plaintiffs' claims for infringement (ECF 67; ECF 72), specifically finding that "all of Plaintiff's claims necessar[ily] fail because, as a matter of law, Plaintiff cannot establish infringement" (ECF 72). Defendant does not identify the applicable standard or provide any authority for granting such a request. The court notes that the Motion for Judgment appears to be procedurally improper for failure to comply with the requirements of Federal Rule of Civil Procedure 56 and DUCivR 56-1. Considering the nature of the request, and in the interests of the just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, the court will nonetheless construe the Motion for Judgment as a motion for summary judgment.

The court notes that Plaintiffs failed to file a timely response to the Motion for Judgment. Plaintiffs filed their Response (ECF 109) to Defendant's Motions over two months after any applicable deadline. *See* DUCivR 7-1(a)(4)(B)(iii) ("A response to a motion must be filed within 28 days after service of the motion."). Plaintiffs' failure to timely respond is grounds for granting the Motion for Judgment. *See* DUCivR 7-1(f); DUCivR 56-1(f) ("When a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law."). Even if Plaintiffs' Response was timely, Plaintiffs' arguments are largely indecipherable and lacking in merit.

Accordingly, because Plaintiffs failed to timely or meaningfully oppose the Motion for Judgment and because infringement was previously decided in Defendant's favor (ECF 67; ECF 72), the undersigned RECOMMENDS that the court GRANT Defendant's Motion for Judgment (ECF 83) and enter judgment in Defendant's favor on its counterclaim for declaratory judgment

of noninfringement. *See Aqua Shield, Inc. v. Inter Pool Cover Team*, No. 2:09-cv-13 TS, 2013 WL 164244, at *4 (D. Utah Jan. 15, 2013) (granting summary judgment on a counterclaim of noninfringement where infringement was previously decided in the moving party's favor).

    **B.**    **Motion to Dismiss**

Defendant moves the court for dismissal without prejudice of its two remaining counterclaims for declaratory judgment of invalidity and tortious interference with economic relations (ECF 84 at 1). Defendant requests dismissal by court order pursuant to Rule 41(a)(2) and in the interests of judicial economy (*id.* at 2). An order of dismissal under Rule 41(a)(2) may be "on terms that the court considers proper" and the dismissal is without prejudice "[u]nless the order states otherwise." *See* Fed. R. Civ. P. 41(a)(2). "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Newbold v. HealthEquity, Inc.*, No. 2:22-cv-00412-TS-JCB, 2022 WL 14644645, at *2 (D. Utah Oct. 25, 2022) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)). Absent prejudice to the opposing party, "the district court normally should grant such a dismissal." *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

As explained above, Plaintiffs' Response (ECF 109) to Defendant's Motions was patently meritless and untimely filed over two months late. *See* DUCivR 7-1(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Once again, this alone is grounds for granting the Motion to Dismiss. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). Moreover, the court agrees that dismissal of Defendant's remaining counterclaims would be in the interests of judicial economy. *See* Fed. R. Civ. P. 1. Dismissal of these counterclaims would not unduly prejudice Plaintiffs considering that all of Plaintiffs' claims in this action have already been dismissed. The

undersigned therefore RECOMMENDS that the court GRANT Defendant's Motion to Dismiss (ECF 84) and DISMISS Defendant's counterclaims for declaratory judgment of invalidity and tortious interference with economic relations without prejudice.

## RECOMMENDATION

For the foregoing reasons, the court **RECOMMENDS** as follows:

1. Defendant's Motion for Judgment (ECF 83) be GRANTED and judgment be entered in favor of Defendant on its counterclaim for declaratory judgment of noninfringement; and

2. Defendant's Motion to Dismiss (ECF 84) be GRANTED and Defendant's counterclaims for declaratory judgment of invalidity and tortious interference with economic relations be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 17 July 2023.

*[signature]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah