IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KHAN, et al.,<br><br>                Plaintiffs,<br>v.<br><br>MERIT MEDICAL SYSTEMS, INC.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S [78, 80, 81, 97, 102, 117] MOTIONS<br><br>Case No. 2:21-cv-00337-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court are three motions for sanctions filed by Defendant Merit Medical Systems, Inc. (Defendant): (1) Motion for Attorney Fees under 35 U.S.C. § 285 (Motion for Attorney Fees) (ECF 78); (2) First Motion for Sanctions against Plaintiffs under Federal Rule of Civil Procedure 11 (First Rule 11 Motion) (ECF 80); and (3) Second Motion for Sanctions against Plaintiffs Under Rule 11 (Second Rule 11 Motion) (ECF 81) (collectively, Motions for Sanctions). Also before the court are three related motions filed by Defendant: (4) Motion for Clarification regarding Plaintiffs' Unfiled Motion (Motion for Clarification) (ECF 97); (5) Motion to Strike Plaintiffs' Scandalous Assertions (Motion to Strike) (ECF 102); and (6) Motion to Supplement the Record with Additional Attorney Fee Information (Motion to Supplement) (ECF 117). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS Defendant's Motion for Attorney Fees (ECF 78) and DENIES Defendant's remaining motions (ECF 80, 81, 97, 102, 117).

## I. BACKGROUND

### A. Plaintiffs' Litigation Misconduct

Plaintiffs Nazir Khan and Iftikhar Khan (Plaintiffs) initiated this patent infringement action on June 1, 2021 (ECF 2). Two weeks later, on June 15, 2021, Plaintiffs filed an unnamed motion (ECF 6) that the court denied as indiscernible (ECF 7). On July 28, 2021, Plaintiffs filed an Amended Complaint (ECF 15) with leave of court (ECF 14). In August 2021, Plaintiffs filed the following four motions: (1) Motion for Rule 11 Sanctions (ECF 20); (2) Motion to Require Merit to Pay Damages (ECF 21); (3) Motion for Production of Documents (ECF 25); and (4) Motion for Summary Judgment (ECF 22). All of these motions were denied as frivolous and/or procedurally improper (ECF 38; ECF 54).

On September 23, 2021, the court issued an Order restricting the filing of any new motions or filings (ECF 30). Less than a week later, on September 27, 2021, Plaintiffs violated this Order by filing another request for Rule 11 sanctions (ECF 34). On November 2, 2021, Plaintiffs again violated the Order by filing a Motion to Remove Restrictions (ECF 42), which the court denied (ECF 44). From December 2021 to February 2022, Plaintiffs filed five separate motions (ECF 56, 60, 62, 64, 65) attempting to renew their previously denied summary judgment motion, all in violation of the court's Order. The court denied the first request (ECF 58), but the remaining requests were lodged on the docket due to the court's Order.

### B. Entry of Summary Judgment

On November 1, 2021, Defendant filed a Motion for Summary Judgment (ECF 40) on Plaintiffs' claims for patent infringement as set forth in the Amended Complaint (ECF 15). On August 17, 2022, the undersigned issued a Report and Recommendation that the court grant summary judgment to Defendant on all of Plaintiffs' claims (ECF 67), which Plaintiffs opposed

(ECF 45). In this Report and Recommendation, the undersigned noted that Plaintiffs' Amended Complaint (ECF 15) and opposition to the summary judgment motion (ECF 45) were "frivolous," baseless," "meritless," "unsupported by both the law and the facts," "unsupported by the law," and "misstate the law and lack evidentiary support" (ECF 67 at 20–24, 26). With respect to the assertions Plaintiffs made that they did not make any amended claims during prosecution of the patent at issue, the court found their own pleadings demonstrate the position they took was false (ECF 67 at 23). The court adopted this Report and Recommendation in its entirety (ECF 72). On September 27, 2022, the court entered Judgment (ECF 74) in Defendant's favor, which was later stricken as it did not address Defendant's counterclaims (ECF 105).

On October 11, 2022, Defendant filed a Motion for Judgment (ECF 83) and a Motion to Dismiss (ECF 84) regarding its counterclaims (ECF 17). Several months later, on January 13, 2023, Plaintiffs filed an untimely, frivolous response (ECF 109) and an additional memorandum (ECF 111) without leave of court. On July 17, 2023, the undersigned recommended that the court grant summary judgment on Defendant's counterclaim for declaratory judgment of noninfringement and dismiss without prejudice Defendant's counterclaims for declaratory judgment of invalidity and tortious interference with economic relations (ECF 113). In the July 17, 2023 Report and Recommendation, the court noted that "Plaintiffs' Response (ECF 109) to Defendant's Motions was patently meritless and untimely filed over two months late" (ECF 113 at 4). On July 31, 2023, the court adopted this recommendation (ECF 115), entered its final Judgment (ECF 116), and closed this case.

    C.    **Defendant's Pending Motions**

On October 11, 2022, Defendant filed its three Motions for Sanctions (ECF 78, 80, 81). Defendant filed its Motion for Clarification (ECF 91) later that month. Plaintiffs failed to timely

respond to any of these motions. On November 7, 2022, Defendant filed a Reply (ECF 99) in support of its Motions for Sanctions noting Plaintiffs' failure to respond. On November 18, 2022, Plaintiffs filed an untimely combined opposition (ECF 101) to the Motions for Sanctions. On the same date, Plaintiffs also filed an untimely response (ECF 100) to the Motion for Clarification.[1]

On November 29, 2022, Defendant filed its Motion to Strike (ECF 102) regarding scandalous assertions in Plaintiffs' opposition (ECF 101). Without any foundation, Plaintiffs accuse Merit and its counsel of "lying," of "stealing" their patent, and of using "fraudulent tactics" to prevail on summary judgment (ECF 101 at 2, 3, 5). Plaintiffs make further baseless accusations of counsel "deceiving" Merit into believing that it can "damage" Plaintiffs and of prosecuting the case "in bad faith," and ask the court to discipline and bar him from practicing intellectual property law (*id.* at 3, 6).

On August 10, 2023, Defendant filed its Motion to Supplement (ECF 117) requesting leave to submit additional attorney fee information for its pending Motions for Sanctions. On the next day, Plaintiffs filed a response (ECF 11), and four days later, filed a corrected response (ECF 121). After Defendant filed a reply (ECF 122), Plaintiffs filed an additional response (ECF 124) without leave of court.[2]

---

[1] *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Plaintiffs' failure to timely respond is grounds for granting Defendant's motions. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). However, in light of Plaintiffs' pro se status, the court will nonetheless consider Plaintiffs' untimely filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The court declines to consider Plaintiffs' additional response (ECF 124) as procedurally improper. DUCivR 7-1(a)(8) ("Unless otherwise ordered, the court will not consider additional memoranda.").

## II.     DISCUSSION

### A.     Motions for Sanctions

#### 1.     Motion for Attorney Fees

Defendant seeks "a finding that this case is exceptional under 35 U.S.C. § 285 and for a sanction requiring Plaintiffs to pay the attorneys' fees incurred by [Defendant] in this action" (ECF 78 at 2). Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Defendant argues that it is the prevailing party in this case because the court granted it summary judgment dismissing Plaintiffs' claims with prejudice (ECF 78 at 2). Plaintiffs do not dispute this in their opposition (ECF 101). For the reasons stated in Defendant's Motion for Attorney Fees, the court finds that Defendant is the prevailing party and focuses its analysis on whether this case is exceptional under Section 285.

The Supreme Court has clarified that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* While "there is no precise rule or formula" for this determination, the court should exercise equitable discretion in light of relevant considerations such as for example, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (citing a similar provision in the Copyright Act)). "Section 285 'imposes no specific evidentiary burden,' and is instead 'a simple discretionary inquiry.'"

*Electronic Communication Technologies, Inc. v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1376 (Fed. Cir. 2020) (quoting *Octane Fitness*, 572 U.S.C. at 557).

Here, Defendant argues that Plaintiffs' frivolous infringement arguments and litigation misconduct render this case exceptional. First, as to the frivolousness of Plaintiffs' arguments, Defendant notes that the undersigned already found Plaintiffs' infringement arguments to be legally and factually frivolous (ECF 78 at 6). In the August 17, 2022 Report and Recommendation, the undersigned recommended summary judgment in favor of Defendant on Plaintiffs' infringement claims because Plaintiffs' supporting arguments were "frivolous," baseless," "meritless," "unsupported by both the law and the facts," "unsupported by the law," and "misstate the law and lack evidentiary support" (ECF 67 at 20–24, 26), which the court adopted in its entirety (ECF 72). In light of this ruling, the undersigned also recommended (ECF 113) that the court grant (ECF 115) summary judgment in favor of Defendant on its counterclaim of non-infringement. In sum, the court has previously determined that all of Plaintiffs' infringement claims in this matter lack merit.

The Supreme Court has acknowledged that a case involving "exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *See Octane Fitness*, 572 U.S.C. at 555. In *Hunter Douglas*, the District of Colorado granted attorney fees under Section 285 where the defendants' conduct was "not just tactical blunders," but rather, they "advanced baseless claims and positions, and pursued claims and defenses they knew or should have known to be meritless." *See Hunter Douglas Inc. v. Great Lake Woods, Inc.*, No. 15-cv-00106-REB-KLM, 2019 WL 1375675, at *16 (D. Colo. Mar. 27, 2019). Similarly, in this case, even after the court granted summary judgment to Defendant, Plaintiffs continued to advance their meritless infringement arguments in later filings including the opposition (ECF 101) to

Defendant's Motions for Sanctions. Plaintiffs have thus continually pursued meritless claims and asserted baseless arguments in this case that they should have known lacked merit. Accordingly, for these reasons and for the reasons stated in the court's prior Report and Recommendation (ECF 67), the court concludes that the exceptionally meritless nature of Plaintiffs' claims renders this case exceptional under Section 285.

Second, regarding Plaintiffs' litigation misconduct, Defendant highlights Plaintiffs' filing of "a barrage of papers" that were "unauthorized, improper and on multiple occasions in direct violation of court orders" (ECF 78 at 9). Defendant claims that this misconduct has resulted in a significant "expenditure of time, effort, and expense" by Defendant and "investment of time" by the court (*id.*). The court agrees. As outlined in the court's prior orders (ECF 7, 14, 30, 38, 54, 58), from the beginning of this case Plaintiffs have repeatedly flouted the rules of this court and ignored court orders in an effort to advance their meritless claims. Of particular concern is Plaintiffs' filing of multiple papers after the court's imposition of filing restrictions and repeated behavior of filing frivolous, lengthy papers that needlessly duplicated and prolonged the proceedings in this case. Also of concern is Plaintiffs' baseless accusations against Defendant's counsel of "lying," "stealing" their patent, using "fraudulent tactics" to prevail on summary judgment, "deceiving" Merit into believing that it can "damage" Plaintiffs, and prosecuting the case "in bad faith" (ECF 101 at 2, 3, 5, 6). This repeated misconduct in this case despite efforts to restrict this behavior highlights the unreasonable manner this case was litigated and the need for additional deterrence.

The court further agrees with Defendant's argument that it is no defense that Plaintiffs are pro se. Indeed, "[a]ttorney fees can be awarded even against pro se plaintiffs when that plaintiff should have known his claims were unreasonable." *See Hunter Douglas*, 2019 WL 1375675, at *16; *see also Harris Research, Inc. v. Perrine*, No. 1:05CV136 CW, 2009 WL 1457674, *9 (D.

Utah May 22, 2009), *report and recommendation adopted,* 2010 WL 936071 (D. Utah Mar. 15, 2010) (granting attorney fees under Section 285 against pro se litigants). Here, the court informed Plaintiffs on multiple occasions that what was filed was improper, yet they continued with such conduct (*See, e.g.*, ECF 7 ("The court is unable to discern the relief requested in Plaintiffs' Motion" and directed Plaintiffs to comply with the Federal Rules of Civil Procedure); ECF 30 (informing Plaintiffs no new motions would be accepted yet Plaintiffs continued to submit multiple filings); ECF 38 (noting Plaintiffs failed to comply with Rule 11 and the requested relief was unsupported by rule or authority and premature)). The court therefore concludes that Plaintiffs' litigation misconduct further supports that this case is exceptional under Section 285.

Finally, Defendant points to Plaintiffs' litigation misconduct in a related case entitled, *Khan v. Hemosphere, Inc.*, No. 18 C 5368 (N.D. Ill.) (Illinois Case). Defendant argues the misconduct in this case is "a continuation of misconduct" in the Illinois Case where Plaintiffs' claims against Defendant were dismissed for improper venue, misjoinder, and failure to properly or timely serve the complaint (ECF 78 at 3). In the Illinois Case, the court awarded Defendant nearly $100,000 in attorney fees as a sanction under Rule 11 based on the lack of factual or legal support for Plaintiffs' arguments regarding venue, joinder, and service (ECF 78 at 8). The court acknowledges that Plaintiffs' misconduct in the Illinois case is relevant to determining whether this case is exceptional under Section 285. *See Electronic Communication Technologies*, 963 F.3d at 1378 (holding that "broader litigation conduct . . . is a relevant consideration" to whether a case is exceptional under Section 285). However, the court does not find this to be dispositive given that Plaintiffs have already been sanctioned for their misconduct in the Illinois Case, and as discussed above, there are other reasons that this case is exceptional under Section 285. The court does note however, that the Illinois case, while not dispositive to the outcome here, does highlight

that Plaintiffs are familiar with the litigation process and should have known improper conduct could lead to sanctions.

In summary, considering the totality of the circumstances, the court in its discretion determines that Plaintiffs' exceptionally meritless claims and repeated litigation misconduct render this case exceptional under Section 285. The court therefore awards Defendant its attorneys' fees. As discussed below, the court reserves ruling on the reasonableness of the requested fees until the updated fee affidavit is submitted and briefed.

    2.    Rule 11 Motions

Defendant's First Rule 11 Motion requests "an order finding that Plaintiffs . . . have violated Rule 11 . . . and awarding [Defendant] all of its attorneys' fees in this action" (ECF 80 at 1). In the Second Rule 11 Motion, Defendant requests attorneys' fees "incurred in filing and pursuing [Defendant's] Motion for Summary Judgment and responding to Plaintiffs' opposition to that motion" (ECF 81 at 1). In the Motion for Attorney Fees, Defendant clarifies that it "does not seek double recovery by any of these motions, but does seek a ruling on all three" (ECF 78 at 2 n.1). However, in the First Rule 11 Motion, Defendant concedes that if the court grants the Motion for Attorney Fees, then the Rule 11 Motions "are moot" (ECF 80 at 1 n.1). Similarly, the Second Rule 11 Motion concedes that if either the Motion for Attorney Fees or the First Rule 11 Motion is granted, "it will be unnecessary to decide" the Second Rule 11 Motion (ECF 81 at 1). The court agrees that the Motion for Attorney Fees encompasses the sanctions requested by Defendant in the Rule 11 Motions. In light of Defendant's concessions and given that the court has granted the Motion for Attorney Fees, the court DENIES the Rule 11 Motions (ECF 80, 81) as moot.

**B.     Related Motions**

      1.     Motion for Clarification

Defendant seeks clarification on an unfiled Rule 59(e) motion that Plaintiffs sent to Defendant and requests "a finding that the 59(e) motion has not been filed and is therefore untimely" (ECF 97 at 1–2). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The court agrees that Plaintiffs' Rule 59(e) motion was not filed with the court. Moreover, Plaintiffs' unfiled Rule 59(e) motion pertained to the court's September 27, 2022 Judgment (ECF 74), which has since been stricken by the court (ECF 105), rendering any such motion moot. The court therefore also DENIES Defendant's Motion for Clarification (ECF 97) as moot.

      2.     Motion to Strike

Defendant moves the court pursuant to DUCivR 7-1(a)(8) and Rule 12(f) for an order striking Plaintiffs' opposition (ECF 101) due to its scandalous assertions against Defendant and its counsel (ECF 102 at 1). Local Rule 7-1(a)(8) provides that "[u]nless otherwise ordered, the court will not consider additional memoranda," such as a sur-reply. *See* DUCivR 7-1(a)(8). Defendant argues that Plaintiffs' opposition is "an unauthorized sur-reply" and notes that this court has relied on this rule to strike an improper sur-reply filed by a pro se party (ECF 102 at 2 (citing *Simmler v. Reyes*, No. 2:19-cv-01009-RJS-JCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021)). The court disagrees that Plaintiffs' opposition is a sur-reply or "additional memoranda" prohibited by DUCivR 7-1(a)(8). Although Plaintiffs' opposition was filed after Defendant filed its Reply, the court notes that because Defendant did not wait for a response by Plaintiffs before filing its Reply, Plaintiffs' opposition is their first and only memorandum filed in response to Defendant's Motions

10

for Sanctions. The court therefore denies Defendant's request to strike Plaintiffs' opposition pursuant to DUCivR 7-1(a)(8).

Rule 12(f) provides that on motion made by a party, the court may "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2) (emphasis added). "By its express language, Rule 12(f)(2) applies only to material contained in *pleadings*—not to *motions*" and "can only be used to strike portions of pleadings." *Gardner v. Long*, No. 2:18-CV-00509, 2020 WL 1325338, at *6 (D. Utah Mar. 20, 2020). Because Defendant asks the court to strike an opposition filed by Plaintiffs rather than a portion of a pleading, the Motion to Strike is procedurally improper under Rule 12(f). Defendant argues that the court may nonetheless strike Plaintiffs' opposition "pursuant to the Court's inherent authority to control proceedings before it" (ECF 102 at 3). Although the court acknowledges the frivolous nature of Plaintiffs' unfounded accusations as noted herein, the court in its discretion declines to strike Plaintiffs' Opposition (ECF 101) and instead finds in this instance that the appropriate remedy is the imposition of sanctions. For these reasons, the court DENIES Defendant's Motion to Strike (ECF 102).

       3.     <u>Motion to Supplement</u>

Defendant asks for leave to file a supplemental declaration with additional information regarding attorneys' fees incurred from October 1, 2022 through July 31, 2023 in relation to Defendant's pending motions (ECF 117 at 2). In light of the court's ruling, the court DENIES Defendant's Motion to Supplement (ECF 117) and instead ORDERS Defendant to submit an updated fee affidavit consistent with this ruling and addressing the reasonableness of the fee request no later than fourteen (14) days after entry of this Order. *See* DUCivR 54-2(f)(iii). Plaintiffs may file a response within fourteen (14) days after filing of the fee affidavit.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the court hereby **ORDERS** as follows:

1. Defendant's Motion for Attorney Fees (ECF 78) is GRANTED;

2. Defendant's Rule 11 Motions (ECF 80, 81) and Motion for Clarification (ECF 97) are DENIED as moot; and

3. Defendant's Motion to Strike (ECF 102) and Motion to Supplement (ECF 117) are DENIED.

IT IS SO ORDERED.

DATED this 20 September 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah