FILED
2023 OCT 10 AM 10:20
CLERK
U.S. DISTRICT COURT

In Re: Case No. 2:21-cv-00337-CMR                                               10/06/2023

The Honorable Judge Howard V. Nielson, Jr.

Presiding Judge,

United States District Court

for the District of Utah, Central Division

Dear Judge Nielson, Jr.

The undersigned submits this letter brief because of outside observation of this case in which we feel there is a gross and unfair application on the law. The plaintiff does not know us and has not asked us to file this brief letter and has no knowledge of its filing or of our review of this case.

This case has been prosecuted in the District Court since June 1, 2021.

The plaintiff has outlined in the specification of his patent, the similarities of the accused device, the HeRO graft, and the device as outlined in patent 344. The most glaring are that of the venous outflow catheter as mentioned in the specification. The accused device and the plaintiff's device have the identical function and the fact whether the cylindrical cuff is disposed within or disposed about the venous outflow catheter is immaterial. The defendant, in producing the accused device has produced no patent, or claims regarding their accused device. The plaintiff demonstrated in detail that the doctrine of equivalents estoppel requirement did not apply. The Board of patent appeals and interferences allowed the cuff disposed limitation, connecting the arterial graft to the venous outflow

catheter, the surrender of subject matter did not occur, and therefore and he was able to overcome rejections in front of the USPTO regarding the cuff disposal limitation.

These key points are never mentioned by Magistrate Judge Cecelia Romero. On the contrary, there is a pervasive bias against this plaintiff by the magistrate judge. Judge Romero actually appears to favor the prose plaintiff being sanctioned by limiting Mr. Khan's ability to raise any motion or argument to combat the requests for sanctions by the defendant attorney. Taking pause and looking at this objectively and with plain fairness, why is a prose not allowed to defend himself against a professional patent law firm retained by a large company? These types of sanctions brought by this defendant, were already not allowed in another instance by a federal district court and the federal appeals court. This type of financial intimidation should not be allowed against anyone, Hon. Judge Nielson.

Thank You

Sincerely,

O. Smith

J. Delaney

E. Moreno

R. Charnley

M. Beck