BRENT P. LORIMER (USB No. 3731)
bpl@lorimerip.com
LORIMER IP, PLLC
1047 Fort Union Boulevard # 1217
Midvale, UT 84047
Telephone: (801) 554-4561

THOMAS R. VUKSINICK (USB No. 3341)
tvuksinick@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

Attorneys for Defendant Merit Medical Systems, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAZIR KHAN and IFTIKHAR KHAN,<br><br>Plaintiffs,<br><br>v.<br><br>MERIT MEDICAL SYSTEMS, INC.,<br><br>Defendant. | Case No. 2:21-cv-00337-HCN-CMR<br><br>**DEFENDANT'S MOTION TO STRIKE UNAUTHORIZED AMICUS MEMORANDUM [ECF 133]**<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

## I.      INTRODUCTION

On October 10, 2023, the clerk filed a document that purports to be a letter to Judge Nielson from five individuals who are not parties to this case. (Dkt. 133.) Pursuant to DUCivR 7-6(f)(2), Defendant Merit Medical Systems, Inc. ("Merit") moves to strike this document as an unauthorized amicus memorandum, filed by non-parties who have not appeared, who are

apparently not admitted to the bar of this Court, and who have no standing or other authorization to file papers in this case. In addition to the impropriety of the paper, the arguments made in the unauthorized filing are frivolous and have been rejected by the Court on numerous occasions. The paper should be stricken.

## II.   ARGUMENT

This Court has promulgated local rules regarding how amici may participate in a case. DUCivR 7-6(a) states that "[a]n attorney or person, entity, or the government through an attorney may seek leave of the court to file an amicus curiae brief in a case." A motion for such leave must identify "the amicus's interest in the litigation," "the usefulness of the memorandum to the disposition of the case," and "whether the parties consent to the filing of the memorandum." DUCivR 7-6(b)(1). The motion must be accompanied by "a proposed order granting the motion" and "the proposed memorandum." DUCivR 7-6(b)(2). The memorandum, in turn, must include "the disclosure statement required by Fed.R.Civ.P. 7.1(a)" and "a concise statement of the identity of the amicus curiae and its interest in the case." DUCivR 7-6(d)(1). The rules provide that "[t]he court may…strike any amicus memorandum if...after review, the court determines that the memorandum…violates these Rules, or for other good cause." DUCivR 7-6(f)(2).[1]

If the document in question is what it purports to be (a letter to Judge Nielson from five unidentified amici), the document violates several of these rules. First, the document was filed without the required motion for leave. The filers do not disclose "the amicus's interest in the litigation," "the usefulness of the memorandum to the disposition of the case," or "whether the

---

[1]   Typically, motions to strike are governed by Fed.R.Civ.P. 12(f) and are limited to pleadings. This motion is an exception to that rule, as DUCivR 7-6(f)(2) expressly authorizes the Court "to strike any amicus memorandum if...after review, the court determines that the memorandum…violates these Rules, or for other good cause."

parties consent to the filing of the memorandum,"[2] as is required of such a motion. DUCivR 7-6(b)(1). Second, the document does not include "a concise statement of the identity of the amicus *curiae* and its interest in the case" or the required Rule 7.1(a) disclosure as required for an amicus memorandum under DUCivR 7-6(d)(1).

The only statement about the identity of the purported amici who submitted this document are five partial names listed at the end of it: "O. Smith," "J. Delaney," "E. Moreno," "R. Charnley," and "M. Beck." (Dkt. 133 at 2.) No first names are provided. No addresses or other contact information is provided. No information about the professions or affiliations of these five individuals is provided. No information is provided about why they know each other or why they are submitting this letter at all, much less as a group. The document merely asserts that these five individuals have been observing and have reviewed this case, that the five individuals do not know the plaintiffs, and that the five individuals were not asked by the plaintiffs to submit the document in question. (Dkt. 133 at 1.) But the document does not explain *why* the five individuals are interested in this case or are submitting this document. Thus, there has been no statement of "the identity of the amicus curiae" as required by DUCivR 7-6(d)(1) and there has been no statement of "the amicus's interest in the litigation" or the amici's "interest in the case" as required by both DUCivR 7-6(b)(1) and DUCivR 7-6(d)(1).

Because the submitter(s) of this document have not complied with the foregoing rules, it is impossible to determine if the document is what it purports to be and/or the bias, if any, that the author(s) of the document bring to this case. If the document is not what it purports to be—

---

[2] Merit has not been asked by anyone to consent to the filing of the document in question and has not consented to the filing of the document in question.

and its assertions are indeed suspicious[3]—then all the more reason to strike it. Therefore, this Court should strike the paper pursuant to DUCivR 7-6(f)(2) and instruct the clerk to remove it from the docket of the Court as an unauthorized amicus memorandum.

If the Court is not inclined to strike the document, the five individuals should at a minimum be required to fully identify themselves, enter a proper appearance, and satisfy the requirements of DUCivR 7-6 by filing a motion and memorandum in compliance with the rules.[4] Whoever the alleged amici really are, they cannot participate in this case unless and until they have made a proper appearance under the local rules.  And if they wish to participate in this case, they are subject to the same rules as every other party practicing before this Court, including the requirements of Rule 11. The arguments the alleged amici make are the same arguments this Court has already found frivolous when advanced by Plaintiffs, which have not been rendered less frivolous in the re-telling. If the alleged amici are serious about their desire to impact this litigation, they must submit to the jurisdiction of this Court, including the sanctions power of this Court. The most direct and appropriate resolution of this matter is to strike the paper as an unauthorized amicus memorandum under the authority granted in the local rules.

---

[3] The document asserts that the "[t]he plaintiff does not know us and has not asked us to file this brief letter and has no knowledge of its filing or of our review of this case." (Dkt. 133 at 1.) Yet, the letter makes all of the same points that the plaintiffs have repeatedly made, including the irrelevant point that "[t]he defendant…has produced no patent." (*Id*.) All of the arguments raised in the letter have been previously considered and rejected by the Court, and there is no reason to consider them anew. The letter also is also full of grammatical errors, comma splices, and awkward phrases that are typical of the plaintiffs' filings, including: (1) "the undersigned submit*s* this letter brief" when there are supposedly a plurality of submitting individuals, (2) "and therefore and he was able to overcome rejections," and (3) "These types of sanctions brought by this defendant, were already not allowed." (*Id*. at 1, 2.)

[4] If, as the document asserts, the amici are monitoring this litigation, they will be aware of this motion and of any Court order regarding it and will have ample opportunity to respond.

## III.     CONCLUSION

Pursuant to DUCivR 7-6(f)(2), this court should strike Dkt. 133 as an unauthorized amicus memorandum.

DATED this 11th day of October, 2023.

LORIMER IP, PLLC

By: /s/ *Brent P. Lorimer*
        Brent P. Lorimer

WORKMAN NYDEGGER
        Thomas R. Vuksinick

*Attorneys for Defendant*
*Merit Medical Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed on October 11, 2023, using the Court's

CM/ECF electronic filing system and that I caused the parties to be served as follows:

Nazir Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
Via Email: Nazirkhanmd2003@yahoo.com

Pro Se Plaintiff

Iftikhar Khan
150 Glenmora Dr.
Burr Ridge, IL  60527
via First Class pre-paid U.S. Mail

Pro Se Plaintiff

*/s/ Brent P. Lorimer*