FILED
2023 OCT 16 AM 9:26
CLERK
U.S. DISTRICT COURT

_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| NAZIR KHAN, <br> IFTIKHAR KHAN <br><br> Plaintiffs, <br><br> v. <br><br> MERIT MEDICAL SYSTEMS, INC., <br><br> Defendant. | Case No. 2:21-cv-00337-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiffs Response to fee affidavit that Defendant attorney and paralegal charged to Merit Medical, Inc. totaling $371,030.45 , said  attorneys fee and paralegal fee, defendants want to recover from plaintiff Nazir Khan, based on order No 125  filed on 9/20/2023.

Plaintiff asserts that fee affidavit and order No. 125 should

be terminated by the Honorable Magistrate Judge Cecilia M. Romero for the

following reasons.

1.  Notice of Appeal was filed on 8/11/2023 which divested district Courts

    jurisdiction to Federal Circuit court of appeals from 8/11/2023.  Magistrate

    Judge Romero remains Functus officio having no authority to dispose any

1

motion made thereafter is void, see Lowder v. Mills, Inc. 301 N.C. 561, 581,

273S.E.2d 247(1981) since Judgement order No 125 is after the date of

notice of appeal, it should be terminated as void judgement and fee

affidavit should terminate automatically, Judge Romero should set aside

order 125 and fee affidavit.

2. Judge Romero did not get Federal Court of Appeals leave, the Judgement

order 125 should be dismissed because court lacked jurisdiction. This

further supports plaintiffs' assertion that Judge Romero should strike Order

No 125 and fee affidavit.

3. Since sanctions under sec 285 is a post Judgement relief under Rule 60(b),

after notice of appeal is filed, District Court loses Jurisdiction, the

jurisdiction is divested to Appeals Court for decision for sanctioned motion

35 USC Section 285, as ruled by the Supreme Court in Wiggins v. Bunch,

280N.C 106,111,184 S.E.2d 879 (1971). Plaintiffs respectfully request Judge

Romero to set aside or stay order No 125 and Fee affidavit. Federal circuit

court of appeals will decide the motion under sec 285 and remand the

decision to the District Court of Utah with instructions.

4. Utah District Court Magistrate Judge Romero had no authority to Rule on

Motion (78) for Sanctions under 35U.S.C §285, she was not consented by

Merit Medical Inc and remained referral Judge, she only has to make Report and Recommendation to Presiding Honorable Judge Howard Nielson Jr, who has dispositive authority on motions. Judge Romero decision on motion 78 and Order 125 is contrary to Court order Dkt23 filed on 8/23/2021 when court ordered her to be only a referral judge and Federal Statue 28 U.S.C sec636(c) when a Magistrate judge is not consented by the parties in the District Court, he/she remains a referral judge, since Judge Romero is a referral judge under court order and statue she is only authorized to make Report and Recommendation and not to dispose any motions. Judge Romero had no authority to dispose 78 motion under sec 285, the said motion was disposed by Magistrate Judge Romero as an order No 125 dated 9/20/2023. Honorable Judge Romero should recognize that the error has occurred is her decision. As mention earlier she did not have authority to make judgement order No 125 on motion 78 for sanctions under sec 285 she should dismiss   Order No 125 and dismiss defendant attorneys fee affidavit.

5. Merit Medical Inc. has no patent on accused device HeRO Graft   therefore has no standing in this litigation. Court should dismiss Merit Medical, Inc as Defendant, and sanction Merit Medical Inc under Rule 35 U.S.C Sec 285 as

was done by District Court Judge in Northern District of Texas in Raniere V Microsoft Corporation. Despite repeated orders from District Court Judge to Raniere to produce documentation of ownership of their patent, Raniere failed. Microsoft Corporation filed for Sanctions under 35U.S.C Sec 285, which was granted by District Court Judge and affirmed by Federal Circuit Court of Appeals (887F.3d 1298 Fed. Cir.2018), we have a similar situation here plaintiff repeatedly told Merit Medial Inc to produce documentation of ownership of patent for HeRo Graft. Merit Medical Attorney responds it is covered by 2 patents, Nos 7,762,977 and 8,690,815 see Dkt50 p21 and n32 (See foot note in DKt134 filed 10/10/23). Merit Medical Attorney deceived Court in its motion for summary Judgement of noninfringement that Merit is covered by 2 patents (Dkt 50, -21 and n32). The fact is that these patents are irrelevant, Merit did not show accused HeRO has a patent. Court Should have sanctioned Brent Lorimer and Meritt Medical Inc under 35 USC sec 285 for willful misconduct, instead District Court Magistrate Judge sanctioned patent owner of patent 344. Judge Romero sanctioned wrong party, she should dismiss Order No 125 dated 9/20/2023, and terminate fee affidavit.

6. **In Chicago litigation**, Plaintiff was sanctioned for improper venue and
   service plaintiff are physicians not attorneys filed the case as prose.
   Plaintiffs were directed by District Court Judge Virginia Kendall to seek help
   from Prose help attorneys on court's floor. Plaintiff Nazir Khan went to
   Prose attorney for help, he directed him to send by US mail summons to all
   the defendants, there were more than 300 defendants, plaintiff followed
   through by sending summons to all defendants via US mail. Plaintiff
   believed that venue is proper because of Diversity of Citizenship. District
   Court Judge disagreed, dismissed the case in favor of Defendants. Merit
   medical through its attorney Brent Lorimer filed for sanctions under Rule 11
   on behalf of 110 physicians court granted defendants motion and
   sanctioned plaintiffs for about $100,000. Plaintiffs appealed the case in
   Federal Circuit Court of Appeals, defendant Merit Medical had also filed for
   Sanctions under 35USC sec 285. District Court Judge Honorable Virginia
   Kendall in its judgement in case No1:18-cv-05368 dated September 4th,
   2019 denied Defendant Merit Medicals motion under sec 285, and stated
   Khans conduct  though  unorthodox  does not rise to the level of
   exceptionality. Federal Circuit Court of appeals affirmed that Khans Conduct
   is not exceptional see decision in case No 2019-1952, 2019-2394  date

8/13,2020, denied defendant's motion of sanctions under 35U.S.C. sec 285.

Brent Lorimer argued that Plaintiff Khans conduct in Chicago litigation

exhibited misconduct, plaintiffs have a repetitive pattern of misconduct to

Justify sanctions under exceptional case sec 285. **Honorable Magistrate**

**Judge should have known Brent Lorimer concealed information of two**

**Courts ruled that Khans Conduct is not exceptional and sanction**s **under**

**sec 285 were denied.**   Magistrates Judge Romero  was misled by Defendant

Lorimer attorneys arguments that  Khans Conduct in Chicago litigation was a

misconduct, Magistrate Judge Romero stated in her order 125 page 8  "The

Court acknowledges  that plaintiffs misconduct in Illinois case  is relevant to

determining whether this case is exceptional under sec 285",  Concealing

information  in a parallel ligation in Chicago speaks of  litigation  misconduct

Of Merit Medical Inc and its attorney Brent Lorimer.  Court should have

sanctioned Merit medical and its attorney under sec 285 for concealing the

information of 2 courts.

7. Merit Medical Inc violated plaintiffs' constitutional rights under constitution

Art 1 clause 8, Sec 8 and 14th Amendment of constitution due process

clause. Plaintiffs patent US 8,747,344 B2 was issued on June 10, 2014 by

Deputy Director of USPTO Michelle Lee, see letter in complaint 15, stated

that this invention is new and useful with exclusive rights, no one can make

sell or import into United States the said invention during the patent term.

Plaintiffs patent term extends till 2028. Patent 344 met all requirement of

constitution art 1 clause sec 8.  Merit Medical Inc in the name of Accused

HeRO Graft which is a copied version of patent (344) manufacture and sold

HeRO graft without plaintiffs' permission from May 4th 2016 violating

plaintiffs constitutional rights under Art1 clause 8. Sec8. In addition, Patent

344 is an intellectual property of plaintiffs and 14th amendment of

constitution due process clause states that no one can deprive an American

citizen of property rights.  Merit Medical Inc violated   plaintiff's property

rights by stealing patent 344 in making Hero Graft, therefore Court should

dismiss Order 125 as it unconstitutional, and sanction Merit Medical for

constitutional violation. Merit medical argues that in Dkt 134 p6,7 filed

10/10/23 that art 1, clause 8, sec 8 of constitution gives Congress the power

to secure for limited times to authors  and inventors the exclusive right to

their respective writings and  discoveries it does not  give rights to Plaintiffs,

such a statement by Merit Medical, Inc is erroneous and misleading.

Plaintiffs Patent 344 is a new discovery in pursuit of science as a new and

useful invention with exclusive rights for a limited time. Plaintiff argued that

7

award of attorney fee Violates Constitutional rights of Plaintiff Nazir Khan

and Utah Courts actions are contrary to Constitution {Dkt 132 at2}.

Defendant attorney states these arguments are frivolous, Merit has already

debunked such arguments in previous papers (DKT 99p.4 Dkt122 pp6-7).

Merit Medical argues that they have not infringed plaintiffs patent (DKT

67,72) The fact of the matter is Merit Violated constitutional rights of

plaintiff and has infringed patent 344. The case is now in review with

Federal Circuit Court of Appeals, who will decided on constitutional

violation issue in this case.

8. Huge amount of attorney fee will lead to irreparable harm to plaintiff, Nazir

Khan. Plaintiff is 83yr old retired physician getting $1800 per month from

social security. An unjustifiably large attorney fee of $370,000 will financially

ruin plaintiff for rest of his life. Court in its discretionary authority should

decline the sanctions and terminate affidavit fee.

9. **Public notice and amicus Curiae brief**

Plaintiffs patent (344) was published on June 10, 2014, on this day patent

344 came to the notice of the public.  Public has been watching the

prosecution of patent 344 in the District Court of Utah. Five unknown

persons among public see (Dkt 133) filed on 10/10/2023, have raised their

voice stating plaintiff Khans patent 344 prosecution is tainted with prejudice by Judge Romero, she did not allow Plaintiff to file Motions to defend against sanctions. The Amicus Curiae brief letter states that Plaintiff's patent is similar to HeRo Graft, specification describe the similarities the most glaring is venous out flow catheter, mentioned in specification, function is identical, between claimed device and accused graft and the fact whether cylindrical cuff is disposed about or disposed in the venous outflow catheter is immaterial. Defendants Hero graft has no patent or claims regarding their accused device. The plaintiff have described in detail Doctrine of Equivalent Estoppel requirement did not apply. The Board of patent appeals and interferences allowed, cuff disposed limitation connecting arterial graft to the venous out flow catheter, surrender of subject matter did not occur and therefore he was able to overcome the rejection from USPTO regarding the Cuff Disposal limitation. The key points were never mentioned by Magistrate Judge Romero on the other hand there is pervasive bias against the plaintiff by magistrate judge Romero. Judge Romero actually appears to favor Prose being Sanctioned by limiting Mr. Khans ability to raise any motion or arguments to combat requests for sanctions filed by defendant attorney. Taking pause and looking at this

objectively and with plain fairness why Prose not is allowed to defend himself against a professional law firm retained by a large company. These types of sanctions were already not allowed in another instance by Federal District Court and Federal appeals Court. This type of financial intimidation should not be allowed.

Amicus Curiae Brief filed by 5 individuals is well grounded in facts and law. Honorable Presiding Judge Nielson Jr should give due consideration to points raised in the Amicus Brief and take necessary steps to discipline Judge Romero for favoring Defendants in this litigation.  She restricted plaintiff by order on 9/3/2021 DKT 30 not to file any motions to defend himself and allowed Defendant Merit Medical Inc to file motions. Plaintiff filed a motion to remove restrictions that was denied. Further responses by Plaintiff in response of Defendants motions were lodged by the court. Magistrate Judge Romero used plaintiffs filling as a violation of Court order as litigation misconduct to justify sanctions under section 285. Defendant Merit Medical Inc through its attorney  filed a motion on10/11/23 ,Dkt 135 to Strike Amicus curiae Brief, plaintiff requests the court. Plaintiff requests that in the interest of justice not to strike amicus brief. The Amicus brief is grounded in facts and law, court should consider five unknown persons Amicus Brief request in the decision of the order No. 125 filed on 9/20/2023.

**In Summary**

In view of aforementioned facts Judge Romero did not have Dispositive authority under 28 USC §636(c), acted in violation rules of notice of appeal , acted with Judicial prejudice favoring defendant Merit Medical  in the analysis of litigation misconduct, illegally sanctioned Plaintiff, defendants violated plaintiffs constitutional rights, defendants have no patent, no standing in this litigation, Judge Romero actions were not Justified to sanction plaintiff under sec 285. Judge Romero should Immediately vacate order 125 and terminate fee affidavit.

Presiding Judge Honorable Howard C/ Nielson Jr's intervention is immediately needed as a presiding judge, in the interest of Justice to prevent plaintiff from unjustified sanctions under sec 285, strike order No 125, and fee affidavit.

 Respectfully submitted to day October 15th 2023

/s/ Nazir Khan

150 Glenmora Drive

Burr Ridge, IL 60527

C: 312-590-0589

P: 312-329-1100

F: 312-329-1106

Dated 10/15/2023_____

Nazir Khan, Iftikhar Khan v. Merit Medical Systems, Inc.

## Certificate of Service

This is to certify that a copy of reply to fee affidavit was sent by mail or electronically on 10/15 /2023 to

BRENT P. LORIMER (USB No. 3371)

Lorimer IP, PLLC

[bpl@lorimerip.com](mailto:bpl@lorimerip.com)

1042 Fort Union Boulevard #1217

Midvale, UT 84047

THOMAS R. VUKSINICK (USB No. 3341)

tvuksinick@wnlaw.com

WORKMAN NYDEGGER

60 East South Temple, Suite 1000

Salt Lake City, Utah 84111

Telephone: (801) 533-9800

Facsimile: (801) 328-1707

/s/ Nazir Khan

150 Glenmora Drive

Burr Ridge, IL 60527

C: 312-590-0589

P: 312-329-1100

F: 312-329-1106

Dated _10/15/2023