IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERIT MEDICAL SYSTEMS, INC., <br><br> Defendant. | REPORT AND RECOMMENDATION RE: ECF 126, 129, 136, and 139 <br><br> AND ORDER DENYING ECF 127, 132, and 140 <br><br> Case No. 2:21-cv-00337-HCN-CMR <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court are seven motions filed by pro se Plaintiffs Nazir Khan (Nazir) and Iftikhar Khan (Iftikhar) (collectively, Plaintiffs), including a Motion to Disqualify Judge (ECF 140), two Motions to Stay (ECF 127, 132), two Motions to Dismiss (ECF 126, 136), and two Motions to Set Aside (ECF 129, 139) relating to the court's September 20, 2023 Memorandum Decision (ECF 125) awarding attorneys' fees to Defendant Merit Medical Systems, Inc. (Defendant or Merit). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion to Disqualify Judge (ECF 140) and Motions to Stay (ECF 127, 132). In addition, the undersigned RECOMMENDS that the court DENY the Motions to Dismiss (ECF 126, 136) and Motions to Set Aside (ECF 129, 139).

### I.   BACKGROUND

On July 31, 2023, the court entered its final Judgment (ECF 116) in favor of Merit based on its prior rulings granting summary judgment to Merit on Plaintiffs' claims (ECF 67, 72) and

resolving Merit's counterclaims (ECF 113, 115). On August 11, 2023, Plaintiffs filed their Notice of Appeal (ECF 118) of the court's Judgment (ECF 116) to the United States Court of Appeals for the Federal Circuit. On September 20, 2023, the court entered its Memorandum Decision (ECF 125) granting Merit's request for attorneys' fees pursuant to 35 U.S.C. § 285 based on Plaintiffs' meritless claims and litigation misconduct.

On September 27, 2023, Iftikhar filed his first Motion to Dismiss (ECF 126) seeking his dismissal as a party. Iftikhar later filed a second Motion to Dismiss (ECF 136) asking for identical relief. On September 29, 2023, Nazir filed the first Motion to Stay (ECF 127) requesting that the court stay the Memorandum Decision (ECF 125) pending the appeal to the Federal Circuit. Nazir then filed a second Motion to Stay (ECF 132) requesting similar relief. On October 2, 2023, Nazir filed the first Motion to Set Aside (ECF 129) asking the court to reconsider the Memorandum Decision (ECF 125). Nazir then filed a second Motion to Set Aside (ECF 139) asking for the same relief. On October 31, 2023, Nazir filed a Motion to Disqualify (ECF 140) regarding the undersigned based on prior rulings.

On October 25, 2023, the Federal Circuit denied Nazir's request to stay the Memorandum Decision (ECF 125) on the basis that "no final decision resolving the amount of fees has been entered" (ECF 143-1). On July 16, 2024, the Federal Circuit affirmed the court's Judgment (ECF 116) granting of summary judgment to Merit against Nazir and Iftikhar. *NAZIR KHAN, IFTIKHAR KHAN v. MERIT MEDICAL SYSTEMS, INC.*, No. 2023-2329, 2024 WL 3421395, at *4 (Fed. Cir. July 16, 2024).

## II. DISCUSSION

### A. Motion to Disqualify Judge

As an initial matter, the court addresses Nazir's Motion to Disqualify Judge (ECF 140) regarding the undersigned. Nazir seeks the disqualification of the undersigned based on unsubstantiated allegations of playing a "discriminatory role" and acting with "judicial prejudice" and "partiality" in issuing orders and rulings in this case (ECF 140). Specifically, Nazir complains of filing restrictions in a prior Order (ECF 30) and sanctions in the Memorandum Decision (ECF 125) that Nazir claims violated his rights (ECF 140). However, courts have consistently held that adverse rulings do not provide grounds for recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988). Nazir also asserts that the undersigned had "no dispositive authority" as a referral judge (ECF 140). While the undersigned does not have the authority to issue dispositive rulings on a case referral under 28 U.S.C. § 636(b)(1)(B) (ECF 23), neither of the cited rulings were dispositive in nature. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 807–08 (10th Cir. 2023) (explaining that under section 636(b) magistrate judges may hear and determine any nondispositive pretrial matters pending before the court). Because there is therefore no basis for the undersigned to be disqualified, the undersigned DENIES the Motion to Disqualify Judge (ECF 140).

### B. Motions to Stay

In the first Motion to Stay, Nazir requests "immediate action to stay" the Memorandum Decision (ECF 125) on the grounds that the undersigned lacked the authority to rule on Merit's motion for sanctions and should have instead made a report and recommendation under 28 U.S.C. 636(b)(1)(B) (ECF 127 at 1). Nazir's second Motion to Stay includes a request to stay the Memorandum Decision (ECF 125) "pending federal circuits decision who should be sanctioned plaintiff or Defendant attorney" (ECF 132 at 5).

In an Order dated October 25, 2023, the Federal Circuit denied a similar motion to stay, stating "[t]o the extent [Nazir] seeks to appeal from the attorney fee award, we currently lack jurisdiction because no final decision resolving the amount of fees has been entered" (ECF 143-1 at 3 (citing *Elbit Sys. Land & C41 Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1294 (Fed. Cir. 2019))). Indeed, to date the undersigned has not yet issued a ruling regarding the fee amount to be awarded to Merit based on the Memorandum Decision (ECF 125). Moreover, on July 16, 2024, the Federal Circuit issued its decision on Nazir's appeal of the court's Judgment (ECF 116). *See KHAN*, 2024 WL 3421395, at *4. As such, there is currently no appeal pending in the Federal Circuit of the rulings in this case that would justify staying the proceedings in this case. The court therefore DENIES Nazir's Motions to Stay (ECF 127, 132).

  C. **Motions to Dismiss**

The first Motion to Dismiss requests that Iftikhar be removed from this lawsuit on the grounds that Nazir is the only inventor and owner of the patent at issue in this case (ECF 126). The second Motion to Dismiss (ECF 136) also asks that Iftikhar be kept off this case because he is not part of the appeal in the Federal Circuit, and "[h]e was not part of the pleadings to the Court which are at issue regarding sanctions" (ECF 136). Merit opposes this request on the grounds that Iftikhar fails to identify the procedural basis for the request (ECF 131 at 6), and this request is procedurally improper under Rules 41, 15, 59, and 60.

The court agrees with Merit. As noted by Merit, Iftikhar cannot seek dismissal from this action under Rule 41 because this rule governs dismissal of actions, not parties. *See* Fed. R. Civ. P. 41(1)(2) ("[A]n *action* may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (emphasis added)). Iftikhar also cannot seek leave to amend his pleading under Rule 15 to remove himself as a party because final judgment has been entered. *See*

4

*Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) ("After a district court enters a final judgment, …it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b).").

Likewise, Iftikhar cannot rely on Rule 59(e) because the Motions to Dismiss were untimely filed two months after Judgment (ECF 116) was entered on July 31, 2023. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Finally, even if Iftikhar's request is made pursuant to Rule 60(b), the appeal to the Federal Circuit divested this court of jurisdiction to alter or amend the judgment. *See* Fed. R. Civ. P. 62.1, advisory committee notes (2009) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand."); *see also Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Federal Circuit has since affirmed the court's Judgment (ECF 116) against Nazir and Iftikhar, and the issue of the liability of Iftikhar was not remanded to this court nor was any other issue. *See KHAN*, 2024 WL 3421395, at *4. For these reasons, Iftikhar's request to dismiss himself as a party is procedurally deficient, and the undersigned therefore RECOMMENDS that the Motions to Dismiss (ECF 126, 136) be DENIED.

    **D.**    **Motions to Set Aside**

In the first Motion to Set Aside, Nazir argues the Memorandum Decision (ECF 125) should be aside because the undersigned lacked the authority to rule on sanctions (ECF 129 at 1). As explained above, the ruling on sanctions in this matter is not dispositive in nature and therefore was appropriately decided pursuant to the undersigned's authority under 28 U.S.C. § 636(b)(1)(B).

In addition, Nazir argues the Memorandum Decision (ECF 125) was not properly decided under *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014), and challenges the findings that this case is exceptional under 35 U.S.C. § 285 and that Merit is the prevailing party (ECF 125 at 2–3). Specifically, Nazir contends these findings were erroneous because "defendant Merit Medical prosecuted the case frivolously in bad faith having no patent whereas plaintiff Khan's have patent and prosecuted the litigation in good faith" (ECF 129 at 3).

To the extent Nazir is relying on the merits of his claims for patent infringement or asserting arguments about patent ownership, this court has repeatedly rejected these arguments and has entered Judgment (ECF 116) against Plaintiffs on their claims, and the Federal Circuit has affirmed this ruling. *See KHAN*, 2024 WL 3421395, at *4. Nazir's arguments regarding the legal and factual basis for the Memorandum Decision (ECF 125) are also lacking in merit. As explained by Merit, the court followed the standards set forth in the *Octane Fitness* case and explained its reasoning for finding that Merit was the prevailing party and that this case was exceptional based on Plaintiffs' frivolous arguments and litigation misconduct (ECF 125). Nazir has provided no valid basis to challenge these findings.

The second Motion to Set Aside further argues that the court lacked jurisdiction due to the appeal to the Federal Circuit (ECF 139). In its October 25, 2023 Order, the Federal Circuit rejected this argument, stating "[a]lthough [Nazir] contends that the district court lacked jurisdiction to award fees because his earlier notice of appeal purportedly divested the district court of jurisdiction, '[c]ourts typically retain jurisdiction to rule on collateral issues, such as sanctions or attorney's fees, even after they lose jurisdiction over the merits decision'" (ECF 143-1 at 3 (quoting *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019))). On this basis, this court also rejects

6

Nazir's argument that it lacks jurisdiction to decide the issue of attorney's fees. Accordingly, the undersigned RECOMMENDS that the court DENY the Motions to Set Aside (ECF 129, 139).[1]

## III.   ORDER

For the foregoing reasons, the court hereby ORDERS as follows:

1. the Motion to Disqualify Judge is DENIED (ECF 140); and

2. the Motions to Stay (ECF 127, 132) are DENIED.

## IV.   RECOMMENDATION

In addition, the undersigned hereby RECOMMENDS as follows:

1. the Motions to Dismiss be DENIED (ECF 126, 136); and

2. the Motions to Set Aside be DENIED (ECF 129, 139).

## V.   NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 2 August 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[1] It is unclear whether Nazir filed the Motions to Set Aside as objections to the undersigned's Memorandum Decision (ECF 125). *See* Fed. R. Civ. P. 72(b) (With respect to orders on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy."). The undersigned therefore issues recommendations on the Motions to Set Aside to allow the district judge to hear and determine any such objections.